# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>CHAD PYLES, )<br>)<br>Defendant. ) | Criminal Case No. 14-00006 (RJL) |

**FILED**
**JAN 2 3 2020**
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

(January 22nd, 2020) [Dkt. # 32]

Defendant Chad Pyles ("Pyles") pleaded guilty in this case to Travel with Intent to Engage in Illicit Conduct and Possession of Child Pornography. *See* 18 U.S.C. § 2423(b), 2252A(a)(5)(B). Though the Government calculated his Sentencing Guidelines offense level to be 28, at sentencing Probation correctly identified his Sentencing Guidelines offense level to be 30, which included a 2-point increase for distribution of child pornography. *See* Presentence Investigation Report ¶¶ 42–68 [Dkt. # 12]. Consistent with Probation's calculation, I sentenced Pyles to 132 months of imprisonment, which our Circuit Court affirmed. Pyles now seeks relief under 28 U.S.C. § 2255 on the basis that his counsel provided ineffective assistance at sentencing by failing to object to the 2-point increase, failing to investigate and argue for a potential downward departure related to Pyles's childhood history of sexual abuse, and failing to challenge the adequacy of my reasoning in the sentencing decision. For the following reasons, I disagree that his

counsel's assistance was ineffective, and therefore DENY the defendant's motion to vacate his sentence.

## BACKGROUND

On September 11, 2013, defendant Chad Pyles was charged in a two-count complaint for Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b), and Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). Compl. [Dkt. # 1]. In August and September 2013, Pyles had corresponded by email with Timothy Palchak, an undercover Metropolitan Police Department detective, about Pyles's sexual interest in minors. Statement of Offense at 1 [Dkt. # 9]. Between August 7 and 15, 2013, Pyles sent five images of child pornography via email to Palchak. *Id.* at 2. Then, on September 10, 2013, Pyles and Palchak agreed to meet in Washington, DC, to have sex with two underage girls. *Id.* at 5. When Pyles arrived at the meeting place after traveling from Arlington, Virginia, police arrested Pyles and searched his computer, where they found four additional videos of child pornography. *Id.*

On February 20, 2014, defendant signed a written plea agreement and entered a Guilty plea to Travel with Intent to Engage in Illicit Sexual Conduct and Possession of Child Pornography. Plea Agreement at 1 [Dkt. # 10]. Defense counsel had successfully negotiated with the Government to reduce the Distribution of Child Pornography count under 18 U.S.C. § 2252(a)(2), which carried a five-year mandatory minimum sentence of incarceration, to Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B). *See* Information at 2 [Dkt. # 5]; 9/30/2014 Tr. 8:2–5 [Dkt. # 29]. In the plea agreement, the parties agreed that the estimated combined offense level under the U.S. Sentencing

2

Guidelines was 28 and that the estimated Guidelines range was 78 to 97 months of incarceration. Plea Agreement at 3 [Dkt. # 10]. This estimate turned out to be wrong. Probation calculated that the offense level was 30 because the U.S. Sentencing Guidelines provide a two-point enhancement for an offense that involved distribution of child pornography. Presentence Investigation Report ¶¶ 42–68 [Dkt. # 12]; *see* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2G2.2(b)(3)(F). Therefore, Probation calculated that the estimated Guidelines range was 108 to 135 months of incarceration. Presentence Investigation Report ¶ 152 [Dkt. # 12]. On May 28, 2014, I postponed sentencing and ordered that Pyles undergo a mental health evaluation at the Federal Correctional Institution in Butner, North Carolina to determine Pyles's psychological and psychosexual condition, including whether he is a pedophile. 5/28/2014 Minute Entry; Order at 1 [Dkt. # 15].

At a sentencing hearing on September 30, 2014, I evaluated Pyles's specific conduct and the risk that he posed to the community. Upon consideration of the factors outlined in 18 U.S.C. § 3553, I imposed concurrent sentences of 132 months of incarceration for each count, followed by 300 months of supervised release. Judgment at 2, 3 [Dkt. # 21]. Defendant appealed his sentence, arguing I failed to consider several mitigating arguments he advanced. However, our Circuit Court affirmed his sentence on a plain error standard of review, as Pyles had not objected to the sentencing decision at his hearing. *United States v. Pyles*, 862 F.3d 82 (D.C. Cir. 2017).

## ANALYSIS

Defendants convicted of federal crimes may move to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Defendant moves to vacate, set aside, or correct his sentence based on ineffective assistance of counsel at his sentencing.

To prevail on an ineffective assistance of counsel claim, a defendant must make two showings: "First, the defendant must show that counsel's performance was deficient" by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard for deficient performance is what was "reasonable[] under prevailing professional norms . . . considering all the circumstances." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential, *id.* at 689, so "[s]urmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Second, the defendant must show that the deficient performance prejudiced the defense" by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

Defendant first argues his counsel failed to object to the two-point enhancement for alleged distribution of pornographic material. Pyles admitted to distributing five images of child pornography. Statement of Offense at 2 [Dkt. # 9]. It is irrelevant, however, that the government did not charge the distribution offense. *See United States v. Settles*, 530

4

F.3d 920, 923 (D.C. Cir. 2008) ("[L]ong-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction."); *cf. United States v. Watts*, 519 U.S. 148, 157 (1997) (allowing court to apply sentencing enhancement to acquitted conduct when supported by a preponderance of the evidence). Sentencing judges have broad discretion to consider various kinds of information in imposing a sentence. *See* 18 U.S.C. § 3661. Because an enhancement for distribution of child pornography squarely applied based on Pyles's admission, objecting to it would have been frivolous. Failure to raise a frivolous claim or "pursue a losing argument" is not deficient performance. *United States v. Watson*, 717 F.3d 196, 198 (D.C. Cir. 2013); *see also United States v. Kelly*, 552 F.3d 824, 831 (D.C. Cir. 2009).

Second, defendant argues his counsel did not follow his request to investigate and present an argument for a downward departure based on the defendant's early childhood experience with sexual abuse. Not so. Defense counsel argued, numerous times, in fact, that the Court should grant a downward departure based on his childhood history of sexual abuse. Sentencing Mem. at 14–15 [Dkt. # 14] (defendant "was manipulated and abuse[d] by older teenagers, who harmed Mr. Pyles" and "compelled [him] to engage in sexual acts"); 9/30/14 Tr. at 20:12–21:17 [Dkt. # 29] ("[W]hat happened to [Pyles] at various points in his childhood [was] very traumatic, and he never had those traumatic experiences addressed."). So too did defense counsel investigate Pyles's history of sexual abuse: he

5

arranged for Pyles to receive a psychosexual risk assessment, but ultimately determined it to be unhelpful to his defense. Mot. at 2 [Dkt. # 32]. He also gathered and presented letters from Pyles's family members that acknowledged his childhood sexual abuse and explained its impact on his development. *See* Sentencing Mem., Ex. 1 [Dkt. # 14]. Pyles does not identify any additional information that further investigation would have revealed that could have helped him at sentencing. The "burden to 'show that counsel's performance was deficient' rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013) (quoting *Strickland*, 466 U.S. at 687). Pyles has not met that burden.

Third, defendant argues his counsel failed to object to the Court's purported failure to consider arguments for leniency and failed to challenge the Court's reasoning in its sentencing decision. As our Circuit Court found, however, it was "quite evident" that I "read, listened to, and considered the mitigation arguments" offered, including the presentence report, defendant's sentencing memorandum, and the psychological evaluation. *Pyles*, 862 F.3d at 93. Pyles's appeal did not turn on the Circuit Court's application of a plain error standard of review due to his counsel's failure to object, but rather on the dearth of any compelling arguments for leniency. Pyles has thus failed to show his counsel's performance was deficient.

To prove deficient performance, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009). Pyles has not done so, so the Court's inquiry can end there. *See Strickland*, 466 U.S. at 697 ("there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

6

## CONCLUSION

Accordingly, because the defendant has not proven under *Strickland* that his counsel's performance was objectively unreasonable, his motion to vacate his sentence is DENIED.

_____
RICHARD J. LEON
United States District Judge